UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-10231-CBM (KK)** | Date: | December 20, 2019 |
| Title: | *Marcus R. Ellington, Sr. v. Secretary of the Dep't of Corrections and Rehabilitation* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause Why this Action Should Not Be Summarily Dismissed for Failure to State a Cognizable Habeas Claim

## I.
## INTRODUCTION

On November 12, 2019, Petitioner Marcus R. Ellington ("Petitioner"), an inmate at California State Prison – Los Angeles County in Lancaster, California, constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. See Dkt. 1, Pet. Petitioner appears to be challenging a January 6, 2019 prison disciplinary decision removing him from the prison's Kosher Diet Program. As discussed below, the Court orders Petitioner to show cause why his Petition should not be summarily dismissed for failure to state a cognizable habeas claim.

## II.
## BACKGROUND

On October 1, 2017, after a jury trial in Los Angeles County Superior Court, Petitioner was convicted of "criminal threat; sexual battery; weapon possession." Dkt. 1 at 2. On April 20, 2018, Petitioner was sentenced to "55 years to life." Id.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

On November 12, 2019, Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2254 challenging a January 6, 2019 prison disciplinary decision removing him from the prison's Kosher Diet Program. Dkt. 1. Petitioner argues his First Amendment right to freely practice his religion was violated when he was removed from the Kosher Diet Program. Id. at 6. Petitioner seeks injunctive, declaratory, and monetary relief. Id. at 7.

## III.
## DISCUSSION

### A. Applicable Law

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). "Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973)). "[A] prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 for 'expungement of a disciplinary finding from his record **if** expungement is likely to accelerate the prisoner's eligibility for parole.'" Id. at 858 (emphasis added) (quoting Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)).

### B. Analysis

Here, Petitioner fails to raise a cognizable habeas claim because he does not allege he is in custody in violation of the Constitution or laws or treaties of the United States. Rather, Petitioner challenges a prison disciplinary decision removing him from the Kosher Diet Program. Hence, because Petitioner's claim in this action has no effect on the fact or length of his custody, his claim is properly construed as challenging the conditions of confinement and is cognizable, if at all, in a civil rights action.[2] See Saunders v. Gutierrez, No. CV 11-6371-SJO (JEM), 2011 WL 5933292, at *2 (C.D. Cal. Oct. 17, 2011), report and recommendation adopted, 2011 WL 5933193 (C.D. Cal. Nov. 25, 2011). This action, therefore, appears subject to summary dismissal for failure to raise a cognizable habeas claim.

---

[2] The Court declines to construe the Petition as a civil rights complaint. See Zavala v. Copenhaver, No. 1:14-CV-01203-BAM-HC, 2014 WL 4249627, at *3 (E.D. Cal. Aug. 27, 2014) (noting "it is appropriate to dismiss the petition without prejudice so that Petitioner himself may determine whether or not he wishes to raise his present claims through a properly submitted civil rights complaint"). In the event Petitioner intended to file a civil rights complaint pursuant to 28 U.S.C. § 1983, he must file such a complaint in a new action. The Court notes, however, it appears Petitioner has been found to have accumulated "three strikes" under 28 U.S.C. § 1915(g) and will be required to show he is entitled to proceed under the "imminent danger" exception if he seeks to file a civil rights complaint in forma pauperis. See Marcus R. Ellington v. Mens Central Jail, et al., CV17-7819-CBM (KK), Dkt. 18.

# IV.
# ORDER

Thus, the Court **ORDERS** Petitioner to respond within **twenty-one (21) days** of the date of this Order by electing one of the following options:

1. File a written response explaining why Petitioner's claims are cognizable on habeas review. If Petitioner contends his claims are cognizable on habeas review, Petitioner must explain and attach any supporting documents. In addition, the Court warns Petitioner that habeas petitioners generally may file only one habeas petition challenging their conviction or sentence. See 28 U.S.C. § 2244(b)(1); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation omitted)); 28 U.S.C. § 2244(b)(2).

2. Alternatively, Petitioner may voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form**. The Court warns Petitioner that any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to respond within **twenty-one (21) days** of the date of this Order, the Court will dismiss this action with prejudice for failure to state a cognizable habeas claim and/or failure to prosecute and obey court orders. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**